UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANELLE GARRETT, | |
| Plaintiff, | No. 23 C 17074 |
| v. | Judge Thomas M. Durkin |
| FAMILY FIRST CENTER OF LAKE COUNTY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Shanelle Garrett alleges sex discrimination, harassment, and retaliation in violation of Title VII against her former employer Family First Center of Lake County. Family First has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The

complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Garrett is a woman who worked as an administrator for Family First. She alleges that her supervisor—Family First's CEO, Rachel Chenier, who is also a woman—sexually harassed her and eventually fired her for complaining about the harassment.

Garrett alleges three specific incidents of harassment. First, according to Garrett, in September 2022, after she referenced the hair on her head, Chenier responded by stating that she would "lick [Garrett's] other hair," meaning her pubic hair. Garrett also alleges that in December 2022 Chenier made a comment about Garrett's "appearance and her rear." Then later that month, during a company holiday photoshoot, Chenier allegedly positioned herself on top of Garrett and remained on top of her beyond the scope of the photoshoot. When Garrett asked why Chenier was still on top of Garrett, Chenier allegedly stated that she was trying to "hump" Garrett, causing Garrett to feel deeply embarrassed and humiliated.

2

In February 2023, Garrett expressed to Chenier that "her behavior and comments were inappropriate and unwelcome." A month later, Garrett alleges that Chenier expressed to other co-workers her disappointment that Garrett had "rejected her and a polygamous lifestyle." Despite allegedly meeting or exceeding her performance expectations, Garrett's employment was terminated on March 29, 2023.

## Analysis

Title VII makes it unlawful for an employer to discriminate against employees on the basis of sex. *See* 42 U.S.C. § 2000e-2(a)(1). Garrett brings claims under Title VII for discrimination, harassment, and retaliation.

### I. Discrimination

To plausibly allege sex discrimination under Title VII, a plaintiff must demonstrate that her employer took an adverse employment action against the plaintiff on the basis of her sex. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). At the pleading stage, the plaintiff is not required to establish a prima facie case of discrimination. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). While "a complaint must contain something more than a general recitation of the elements of the claim," the "pleading standard for simple claims of race and sex discrimination" is "minimal." *Tamayo*, 526 F.3d at 1081.

Garrett has met this low burden. First, Garrett alleges that Family First took an adverse employment action against her by terminating her employment. Next, Garrett alleges that the decision to terminate her employment was made on the basis of her sex, with allegations of several incidents by her supervisor referencing her

3

sexual orientation. Garrett also alleges that she met or exceeded her performance expectations. Such allegations are all that is necessary to survive a motion to dismiss. *See Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014) ("A complaint alleging sex discrimination under Title VII need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.").

Family First's argument that Garrett has failed to establish a prima facie case is not relevant to a motion under Rule 12(b)(6). *See Carlson*, 758 F.3d at 827 ("The plaintiff is not required to include allegations—such as the existence of a similarly situated comparator—that would establish a prima facie case of discrimination under the 'indirect' method of proof."); *see also Wyss v. Compact Indus., Inc.*, 2014 WL 960846, at *2 (N.D. Ill. Mar. 12, 2014) ("[I]n the context of employment discrimination claims, the evidentiary burden a Title VII plaintiff must *eventually* meet to prevail differs from the pleading standards for a motion to dismiss.") (emphasis in original). At the pleading stage, Garrett is not required to present evidence according to the burden shifting method of proof established in *McDonnell Douglas*. Thus, this failure does not undermine her allegations, which are otherwise sufficient to state a claim for sex discrimination under Title VII.

**II.  Harassment**

Title VII's prohibition of sex discrimination includes a prohibition against sexual harassment that creates a hostile work environment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986). To state a claim for sexual harassment, a

4

plaintiff must allege the following: (1) she was subjected to unwelcome harassment; (2) the harassment was based on her sex; (3) the harassment was sufficiently severe or pervasive to alter the condition of her employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability. *See Kampmier v. Emeritus Corp.*, 472 F.3d 930, 940 (7th Cir. 2007). In other works, a hostile work environment must be "both objectively and subjectively offensive." *Id.*

Here Garrett alleges that her supervisor suggested that they should have a sexual relationship and then touched her in a sexually suggestive manner. First Family's argument boils down to the contention that these incidents were not serious and are being misconstrued.[1] But that is a quintessential fact question requiring discovery. *See Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015) ("[I]t is premature at the pleadings stage to conclude just how abusive [a plaintiff's] work environment was. . . . It may be that [the plaintiff] . . . cannot produce evidence to survive summary judgment. But that question can safely be postponed to another day."). Sexually suggestive comments, combined with the undisputed allegation that Chenier sat on top of Garrett, is a sufficient basis to plausibly allege harassment. *See Turner v. The Saloon, Ltd.*, 595 F.3d 679, 685 (7th Cir.2010) (holding that "[p]erhaps the most heavily emphasized factor in our cases is whether there was inappropriate touching."); *see also Aguilera v. Matty's W. Family Rest., Inc.*, 2011 WL 4442826, at *3 (N.D. Ill. Sept. 20, 2011) (denying motion to

---

[1] Including First Family's reference to photos it argues demonstrate that the touching incident was not sexual in nature.

dismiss since the plaintiff's allegations involving inappropriate touching were sufficiently severe to state a claim for hostile work environment"). Nothing more is required from Garrett at the pleading stage, so she has stated a plausible claim for harassment.

Family First argues that Garrett has not plausibly alleged that Chenier's actions were sufficiently severe or pervasive because Garrett cites only three minor incidents over a five-month period. Whether the incidents were minor is a question of fact.[2] And while it is debatable whether three incidents over the course of five months is "pervasive," the alleged incidents could have a lingering effect on Garrett's experience of her work environment. And as discussed, the alleged incident of sexually motivated touching is serious and at the pleading stage overcomes any argument that the incidents were not pervasive. In any event, the only question at the pleading stage is whether Garrett's allegations establish that her treatment "could plausibly be abusive." *Huri*, 804 F.3d at 834. She has done so here.

---

[2] In arguing that Garrett has failed to allege "severe" conduct, First Family cites a Seventh Circuit case from 1995 which held that Title VII is only intended to ensure that the workplace is not "hellish." *See Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430-31 (7th Cir. 1995). The Seventh Circuit has since rejected that standard, so the Court does not address First Family's argument based on that standard. *See Gates v. Bd. of Educ. of the City of Chicago*, 916 F.3d 631, 637 (7th Cir. 2019) ("While a 'hellish' workplace is surely actionable, plaintiffs' evidence need not show a descent into the Inferno."); *see also Miles-Cacella v. Int'l Fellowship of Christians & Jews*, 2019 WL 2422874, at *3 (N.D. Ill. June 10, 2019) (declining to apply *Baskerville*).

**III.     Retaliation**

Garrett's final claim alleges that Family First retaliated against her by terminating her employment after she complained about sexual discrimination and harassment. Title VII makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e–3(a). "To plead a retaliation claim under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).

Garrett alleges that she was fired after she "directly expressed to [Chenier] that her behavior and comments were inappropriate and unwelcome." R. 1 ¶ 21. "There is considerable disagreement as to whether a person who rejects a supervisor's sexual advances has engaged in protected activity for purposes of a Title VII retaliation claim." *Del Rio v. Antenas Enterprises, Inc.*, 2019 WL 13141884, at *5 (N.D. Ill. Feb. 27, 2019) (citing cases). This Court agrees with the courts that have found that rejection of sexual advances can constitute protected activity. Under the terms of the statute, Title VII prohibits discrimination against an employee who has either: (1) "opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). Sexual harassment is undoubtedly an unlawful employment practice under Title VII. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 786 (1998). And opposing sexually harassing behavior by telling the harasser to

7

stop constitutes "oppos[ing] any practice made an unlawful employment practice" by Title VII. *See Roberts v. Cnty. of Cook*, 2004 WL 1088230, at *5 (N.D. Ill. May 12, 2004). Accordingly, such opposition is activity protected by Title VII's anti-retaliation provision.

Family First also argues that the month between Garrett's alleged complaint to Chenier and the date she was fired means that Garrett cannot plausibly allege that she was fired in retaliation for the complaint. But there is no "bright-line rule" to determine "suspicious timing" in retaliation cases, and "where there is corroborating evidence of retaliatory motive, an interval of a few weeks or even months may provide probative evidence of the required causal nexus." *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1021 (7th Cir. 2016); *see also Turner v. DeJoy*, 2024 WL 1486730, at *8 (N.D. Ill. Apr. 5, 2024) (denying summary judgment on a retaliation claim with a two-month gap between the protected activity and the adverse action). Garrett's allegations of sexually suggestive statements and actions by Chenier are sufficient to state a claim for retaliation even though her termination came a month after she complained about Chenier's conduct.

## Conclusion

Therefore, Family First's motion to dismiss [11] is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 29, 2024